IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TERRY WILLIAMS, )<br><br>    Plaintiff, )<br><br>v. )<br><br>THE BANK OF FAYETTE COUNTY, )<br><br>    Defendant. ) | No. 2:24-cv-02216-SHM-cgc |

ORDER GRANTING IN PART, DENYING IN PART DEFENDANT'S
MOTION TO STRIKE PLAINTIFF'S SUR-REPLY AND
PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY

Before the Court are Defendant Bank of Fayette County's July 12, 2024 Motion to Strike Plaintiff's Sur-Reply ("Motion to Strike"), and Plaintiff's July 16, 2024 Motion for Leave to File Sur-Reply ("Motion for Leave"). (ECF Nos. 14, 15.) For the reasons explained below, both Motions are GRANTED IN PART and DENIED IN PART.

## I.   Background

On April 4, 2024, Plaintiff sued Defendant for breach of contract, fraudulent concealment, declaratory relief, to quiet title, and violations of the Truth in Lending Act, 15 U.S.C. § 1641(g). On May 10, 2024, Defendant moved to dismiss the complaint for failure to state a claim. (ECF No. 10.) Plaintiff responded in opposition (the "Response") on May 29, 2024, and Defendant replied to the response (the "Reply") on June 7, 2024.

(ECF Nos. 11, 12.)  On July 11, 2024, Plaintiff filed a brief addressing Defendant's Reply (the "Sur-Reply").  (ECF No. 13.)  On July 12, 2024, Defendant moved to Strike Plaintiff's Sur-Reply because Plaintiff had failed to obtain leave of court before filing.  (ECF No. 14.)  On July 16, 2024, Plaintiff filed a Motion for Leave to File Sur-Reply.  (ECF No. 15.)  Also on July 16, 2024, Defendant responded in opposition to Plaintiff's Motion for Leave. (ECF No. 16.)

## II.  Standard of Review

Sur-replies are "highly disfavored," because they are often "a strategic effort by the nonmoving party to have the last word on a matter."  Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc., 875 F.Supp.2d 791, 797-98 (W.D. Tenn. June 21, 2012; Curran v. Wepfer Marine Serv.'s, Inc., 1:20-cv-01229-STA-jay, 2021 WL 6690321, at *1 (W.D. Tenn. Feb. 3, 2021).

A court may grant leave to file a sur-reply when the moving party would not otherwise have time to respond to arguments made for the first time in the opposing party's reply.  Curran, 2021 WL 6690321, at *1; First Horizon Nat'l Corp. v. Hous. Casualty Co., No. 2:15-cv-2235-SHL-dkv, 2017 WL 3220419, at *2 (W.D. Tenn. Apr. 6, 2017.)  Courts generally deny leave to file a sur-reply when the opposing party's reply does not raise any new arguments or new evidence.  Liberty Legal Found., 975 F.Supp.2d at 797-98; Curran, 2021 WL 6690321, at *1.

### III. Analysis

Plaintiff's Sur-Reply mostly contains arguments that could have been made in his Response to Defendant's Motion to Dismiss. For example, in his Sur-Reply, Plaintiff responds to Defendant's argument that he did not plead his fraud claim with sufficient particularity; that he failed to show entitlement to a declaratory judgment or state a claim to quiet title; and that Defendant is entitled to attorney's fees.  (ECF No. 13 at 4-6.)  Plaintiff had the information necessary to make those arguments in his Response, based on Defendant's Motion to Dismiss alone.  Many of the issues are not mentioned in Defendant's Reply.  (ECF No. 10-1 at 7-11.)

The only new substantive arguments raised in Defendant's Reply are related to whether the Court should consider an affidavit attached to Plaintiff's Response.  (ECF No. 12 at 3-4.)  Plaintiff did not have the opportunity to raise those arguments until he filed his Sur-Reply.  Plaintiff's Motion to File a Sur-Reply is GRANTED IN PART, only to the extent his arguments address the affidavit.  First Horizon Nat'l Corp., 2017 WL 3220419 at *2 (granting leave to file a sur-reply to consider evidence raised for the first time in opposing party's reply brief.)  It is DENIED IN PART as to all remaining arguments.  Defendant's Motion to Strike is DENIED IN PART as to Plaintiff's arguments about the affidavit but GRANTED IN PART as to all remaining arguments.

**IV.  Conclusion**

Plaintiff's Motion for Leave is DENIED IN PART and GRANTED IN PART.  The Court will consider the arguments contained in the Sur-Reply Plaintiff filed on July 11, 2024, only as they address the disputed affidavit.  (ECF Nos. 10, 13.)  Defendant's Motion to Strike is DENIED IN PART as to Plaintiff's arguments about the affidavit but GRANTED IN PART as to all remaining arguments.

IT IS SO ORDERED this 16th day of August, 2024.


*/s/ Samuel H. Mays, Jr.*

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE