IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| **TERRY WILLIAMS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-02216-SHM-cgc |
| | ) | |
| **THE BANK OF FAYETTE COUNTY,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

*Pro se* Plaintiff Terry Williams sues Defendant Bank of Fayette County (the "Bank") based on a real property transaction that originated on November 21, 2008. Before the Court is the Bank's Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6), filed on May 10, 2024 (the "Motion"). See ECF No. 10. This matter is fully briefed and ripe for adjudication. For the reasons stated below, Defendant's Motion to Dismiss is GRANTED.

**I.  Background**

The following background information is taken from Plaintiff's *pro se* complaint, filed on April 4, 2024. See ECF No. 1. For purposes of deciding the Motion, the Court construes the allegations in the complaint as true. See Mertik v. Blalock, 983 F.2d 1353, 1356 (6th Cir. 1993); Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995).

On November 21, 2008, the Bank made a loan to Plaintiff in the principal amount of $191,250, with a fixed annual interest rate of 7.25%. See Compl. at *6, ECF No.1; see also ECF No. 3, Ex. 1. That loan was memorialized by a promissory note. See Compl. at *7, ECF No.1. To secure the note, Plaintiff executed a Deed of Trust encumbering his property at 4697 Winchester Road, Memphis, Tennessee 38118, naming Defendant as the secured party. See Compl. at *6, ECF No. 1; see also ECF No. 3, Ex. 2.

On January 23, 2024, Plaintiff discovered that his mortgage loan had been transferred to a third-party trust known as "Guaranteed REMIC Pass-Through Certificates Fannie Mae REMIC Trust 2008-94" (the "Fannie Mae Trust"). See Compl. at *7, ECF No. 1. According to Plaintiff, the Fannie Mae Trust is a "special purpose vehicle […] created for the purpose of issuing mortgage-backed securities." Id. The Trust purchases mortgages from banks, commingles them into trust assets, and sells the right to collect loan proceeds to investors in the secondary markets—a process known as securitization. See id. Based on this alleged securitization transaction, Plaintiff asserts that the Fannie Mae Trust had purchased the right from Defendant to collect future mortgage payments from Plaintiff. See id. Plaintiff ceased making mortgage payments to Defendant, which then threatened to foreclose on Plaintiff's property. See id. at *11.

**II.  Procedural History**

On April 4, 2024, Plaintiff filed his *pro se* complaint against Defendant, claiming the following:

1. *Declaratory Judgment*: Plaintiff seeks a declaratory judgment that Defendant has no right to foreclose on Plaintiff's property, asserting that the securitization of the mortgage renders the mortgage and promissory note unenforceable. See id. at *19.

2. *Fraudulent Concealment*: Plaintiff claims that Defendant committed fraudulent concealment by failing to disclose its intent to transfer the mortgage to the Fannie Mae Trust, which securitized the mortgage without Plaintiff's consent or knowledge. See id. at *16.

3. *Truth in Lending Act Violation*: Plaintiff argues that Defendant violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g), by failing to record the loan transfer with the appropriate state recordation office and by neglecting to notify Plaintiff within 30 days of the transfer. See id. at *7-8.

4. *Quiet Title*: Plaintiff asks the Court to declare that the securitization of the mortgage extinguished Defendant's right and security interest in the property, and that title to the property is vested in Plaintiff alone. See id. at *19.

Plaintiff seeks several forms of relief, including monetary damages between $100,000 and $2,000,000, a refund of all loan proceeds paid under the promissory note, and the return of all loan documents evidencing rights to the property. See id. at *23-24.

On May 10, 2024, Defendant moved to dismiss Plaintiff's complaint for failure to state a claim. See ECF No. 10. Plaintiff opposed Defendant's Motion on May 29, 2024. See ECF No. 11. Defendant replied on June 7, 2024. See ECF No. 12. On July 11, 2024, Plaintiff filed a sur-reply addressing Defendant's reply. See ECF No. 13. Defendant moved to strike Plaintiff's sur-reply on July 12, 2024, see ECF No. 14, which the Court partially granted on August 16, 2024. See ECF No. 18.

### III. Jurisdiction

The Court has federal question jurisdiction under 28 U.S.C. § 1331, which grants district courts original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States, based on Plaintiff's allegation that Defendant violated the TILA. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

### IV. Standard of Review

"In determining whether a complaint fails to state a claim, the court must construe the complaint in the light most favorable

4

to the plaintiff[.]" Payne v. Secretary of Treasury, 73 Fed.Appx. 836, 837 (6th Cir. 2003). Under Federal Rule of Civil Procedure 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It need not contain "detailed factual allegations," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), but it must assert "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Following Twombly and Iqbal, it is well settled that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is *plausible* on its face[.]" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (emphasis added). A claim is *plausible* when the alleged fact "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

*Pro se* complaints must also meet this plausibility standard. They are "not exempt from the Federal Rules of Civil Procedure." Selmon-Austin v. Wells Fargo Bank, No. 2:21-cv-02724, 2022 WL 18141470, at *1 (W.D. Tenn. Sep. 7, 2022) (citing Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989)). Although "*pro se* complaints are held to less stringent standards" and "should be liberally construed," Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011), courts do not "abrogate [the] basic pleading essentials

5

in *pro se* suits." Wells, 891 F.2d at 594. If essential elements are missing, dismissal is warranted as a matter of law. See Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (explaining that the "purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true.").

**V.  Analysis**

Defendant moves to dismiss each of Plaintiff's claims based on a variety of legal arguments. See ECF No. 10.

**A. Declaratory Judgment Claim**

Plaintiff seeks a declaratory judgment that Defendant has no right to foreclose on Plaintiff's property, alleging that the securitization of the mortgage "forever destroyed" the note and mortgage. See Compl. at *19, ECF No.1. Plaintiff's theory is that the deed of trust, promissory note, and the underlying debt obligation are inseparable components of the mortgage, and that any separation would render the entire mortgage unenforceable. See id. at *7. Based on this theory, Plaintiff contends that the securitization effectively voided his debt obligation. See id. Defendant denies that the mortgage was ever securitized, assigned, or transferred. See ECF No. 10.

There is no legal authority supporting Plaintiff's proposition that a loan becomes unenforceable when securitized. It is well-settled in the Sixth Circuit that the securitization

6

of a mortgage alone does not free a borrower from the borrower's obligation to repay. See Thompson v. Bank of America, N.A., 773 F.3d 741, 749 (6th Cir. 2014) ("securitization of a note does not alter the borrower's obligation to repay the loan."); see also Johnson v. Broker Solutions, Inc., No. 3:15-cv-00047, 2015 WL 4469276, at *3 (M.D. Tenn. Jul. 22, 2015).[1]

Securitization merely "creates a separate contract, distinct from a plaintiff's obligations under the [original note]." Dauenhauer v. Bank of New York Mellon, 562 Fed.Appx. 473, 480 (6th Cir. 2014). Under Tennessee law, the mortgage note is a negotiable instrument which "can be sold or assigned to another party who then receives the right to enforce the instrument." Thompson, 773 F.3d at 749 (citing Tenn. Code Ann. §§ 47-3-104, 201, 203, 301, 302). On assignment, the borrower's debt obligation remains intact. See id. (citing W.C. Early Co. v. Williams, 186 S.W. 102, 103 (1916)). Therefore, securitization will not "shield plaintiff's property from foreclosure." Dauenhauer, 562 Fed.Appx. at 480.

---

[1] In Thompson, the Sixth Circuit also noted the uptick in claims related to securitization and addressed the extent to which securitization might affect the borrower's obligations to repay. See Thompson, 773 F.3d at 746. The Sixth Circuit noted that, "the district courts in this circuit, particularly in Tennessee, have entertained a spate of civil actions that advance legal theories similar to [the plaintiff's] ... [M]any of these civil actions are scattershot affairs, tossing myriad (sometimes contradictory) legal theories at the court to see what sticks." Id. at 748.

Federal law allows the creation of mortgage-backed securities through securitization. See Securities Act of 1933, 15 U.S.C. §§ 77a-77aa; Secondary Mortgage Market Enhancement Act of 1984, Pub. L. 98-440, 98 Stat. 1689. Contrary to Plaintiff's assertions, "the pooling of mortgages into investment trusts is not some sort of illicit scheme that taints the underlying debt." Thompson, 773 F.3d at 749.

Even if Plaintiff's allegation that the mortgage was securitized were accepted as true, Plaintiff cannot state a plausible claim to relief. Plaintiff's declaratory judgment claim fails as a matter of law.

**B. Fraudulent Concealment Claim**

Plaintiff claims that Defendant committed fraudulent concealment by failing to disclose (1) its intent to transfer the mortgage when the parties signed the loan agreement, and (2) the terms of the securitization agreement with the Fannie Mae Trust. See Compl. at *17, ECF No. 1. Plaintiff asserts that, had he "known […] the truth" that the mortgage would be securitized, he "would not have pledged a security to [Defendant]." Id. at *18. Plaintiff alleges that this information was material, and that the concealment was intentional. See id.

To establish a claim of fraudulent concealment under Tennessee law, a plaintiff must show "(1) that the defendant

8

took affirmative action to conceal or remained silent and failed to disclose material facts despite a duty to do so and, (2) the plaintiff could not have discovered the cause of action despite exercising reasonable care and diligence." Shadrick v. Coker, 963 S.W.2d 726, 735 (Tenn. 1998) (citing Benton v. Snyder, 825 S.W.2d 409, 414 (Tenn. 1992)). A duty to disclose arises when there is a "confidential or fiduciary relationship between the parties." Id. (citing Hall v. De Saussure, 297 S.W.2d 81, 85 (1956)).

When alleging fraud, a plaintiff must meet a heightened pleading standard. Federal Rule of Civil Procedure 9(b) requires fraud allegations to be stated with *particularity* as to the circumstances, rather than mere plausibility. See Fed. R. Civ. P. 9(b) (emphasis added). At a minimum, fraud allegations must state "the time, space, and content of the alleged misrepresentation […]; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." Coffey v. Foamex L.P., 2 F.3d 157, 161-62 (6th Cir. 1993). The test is whether the complaint places the defendant on "sufficient notice of the misrepresentation," allowing the defendant to respond "in an informed way [to] plaintiff's claim of fraud." Id. at 162 (citing Brewer v. Monsanto Corp., 644 F.Supp. 1267, 1273 (M.D. Tenn. 1986)).

9

Plaintiff has failed to plead with particularity the essential elements of the fraudulent concealment claim. Plaintiff does not allege any facts to support an inference that Defendant owed a duty to disclose the terms of securitization to Plaintiff. Securitization merely creates a separate contract that does not alter Plaintiff's rights or obligations under the original note, and Plaintiff, as third party, has no right or interest in the securitization agreement between Defendant and the Fannie Mae Trust. See Dauenhauer, 562 Fed.Appx. at 480. Defendant has no contractual or fiduciary obligation to disclose the terms of securitization. Plaintiff's fraudulent concealment claim must be dismissed.

**C. Truth in Lending Act Violation Claim**

    **1.   TILA's Notice Requirement**

Plaintiff claims that Defendant violated the TILA by failing to comply with its notice obligations. Plaintiff asserts that Defendant did not "record the transfer [of mortgage] in the Official Records of the Shelby County Recorder's Office within 30 days along with [a] notification" to Plaintiff of that transfer. Compl. at *7, ECF No. 1. Although Plaintiff cites the wrong section of the United States Code, the Court construes this claim as arising under 15 U.S.C. § 1641(g).[2]

---

[2] Plaintiff alleges that, "[u]nder 41 U.S.C. § 1641[,] any transfers of the […] Mortgage Loan to the Federal National Mortgage Association Trust would be in violation of [the] Federal Statute." Compl. at *7, ECF No. 1. The

10

Section 1641(g) of TILA requires that, when a mortgage loan is assigned or otherwise transferred, the assignee must notify the borrower in writing within 30 days. See 15 U.S.C. § 1641(g). The written notice must state:

(A) the identity, address, telephone number of the new creditor;

(B) the date of transfer;

(C) how to reach an agent or party having authority to act on behalf of the new creditor;

(D) the location of the place where transfer of ownership of the debt is recorded; and

(E) any other relevant information regarding the new creditor.

See 15 U.S.C. § 1641(g)(1)(A)-(E). The notice requirement applies specifically to a mortgage assignee, not the original mortgagee. See id. Only "entities that acquire legal title to the debt obligation" are subject to § 1641(g). Robertson v. U.S. Bank, N.A., 831 F.3d 757, 762 (6th Cir. 2016). In Robertson, the Sixth Circuit clarified that holders of the mortgage instrument (such as a deed of trust) without rights to the underlying debt are not subject to the notice requirement. See id.

---

statutory provision on which Plaintiff relies does not exist in the United States Code. It appears that Plaintiff is referring to 15 U.S.C. § 1641(g).

Accepting all facts in Plaintiff's complaint as true, his TILA claim fails because Defendant has no duty notify Plaintiff under 15 U.S.C. § 1641(g). First, Defendant is not a mortgage assignee. Only the Fannie Mae Trust, as the alleged assignee, would owe a duty of notification to Plaintiff. Second, Plaintiff's complaint alleges that Defendant "gave up all rights to the debt after the [securitization]." Compl. at *9, ECF No. 1. If that statement is accurate, Defendant would be relieved of any notice obligations because § 1641(g) applies only to entities that acquire legal title to the debt obligation. Robertson, 831 F.3d at 762.

### 2. TILA's One-Year Statute of Limitations

Even if Plaintiff could establish that Defendant had a duty to notify him under § 1641(g), his TILA claim must be dismissed as time-barred. Under 15 U.S.C. § 1640(e), "[a]ny action under this section may be brought [...] within *one year* from the date of the occurrence of the violation." 15 U.S.C. § 1640(e) (emphasis added). "[T]he statute of limitations begins to run when the plaintiff has a complete and present cause of action and thus can file and obtain relief." Wike v. Vertrue, Inc., 566 F.3d 590, 593 (6th Cir. 2009) (internal quotations omitted).

Plaintiff has not specified the exact date of the alleged securitization, but the complaint suggests it occurred on or shortly after November 11, 2008. Plaintiff alleges that the

12

"Original Lender, [t]he Bank, gave up all the rights to [the debt] to Fannie Mae [Trust] shortly after the November 11, 2008 signing." See Compl. at *9, ECF No. 1. That date cannot be correct because the original mortgage transaction was executed on November 21, 2008. A mortgage cannot be securitized before it is created.

Even if the alleged securitization occurred on November 11, 2008, the TILA's one-year statute of limitations would bar the claim. Plaintiff did not file this lawsuit until April 4, 2024, long after the one-year limitations period had run. Plaintiff's claim is time-barred. He has failed to state a plausible claim of TILA violation.

**D. Quiet Title Claim**

Plaintiff brings a claim to quiet title. He argues that the securitization of his mortgage clouded the title. He asks the Court to declare that "the title to the subject property is vested in plaintiff alone," and that any of Defendant's rights, security interest, or title in the property be extinguished. See Compl. at *21, ECF No. 1.

To succeed on a quiet title claim, a plaintiff must "show that he himself has the title, or else he has no right to have a cloud removed from that to which he has no title in himself." Dauenhauer, 562 Fed.Appx. at 481 (citing Hoyal v. Bryson, 53 Tenn. 139, 141 (Tenn. 1871)). "[A] party wishing to quiet title

13

must show that he has superior title against any other claimants." Starkey v. Bank of America, N.A., No. 3:17-0511, 2018 WL 3872193, at *6 (M.D. Tenn. Aug. 15, 2018) (citing Hoyal, 53 Tenn. at 141). Under Tennessee law, "the lender, the holder of the note, has title to the property [and] … [u]ntil the note is satisfied, the holder of the note has superior title to property." Thompson, 773 F.3d at 750-51 (citing Hoyal, 53 Tenn. at 141).

Plaintiff has not established any plausible legal basis on which he has title to the property, let alone superior title. Nowhere in his 24-page complaint or subsequent filings does he demonstrate that he had satisfied the obligations in his note to acquire title. Plaintiff's only relevant assertion is that the securitization clouds the title. See Compl. at *21, ECF No. 1. However, securitization does not alter Plaintiff's debt obligations under the note, does not affect the property's title, and does not affect the priority of title. See Thompson, 773 F.3d at 749. Plaintiff's quiet title claim fails as a matter of law.

**VI. Conclusion**

For the foregoing reasons, each of Plaintiff's claims fails as a matter of law. Defendant's Motion to Dismiss under Rule 12(b)(6) is GRANTED. Plaintiff's declaratory judgment claim,

14

fraudulent concealment claim, TILA violation claim, and quiet title claim are DISMISSED WITH PREJUDICE.

SO ORDERED this *18th* day of October, 2024.

                                            /s/ *Samuel H. Mays, Jr.*
                                            SAMUEL H. MAYS, JR.
                                            UNITED STATES DISTRICT JUDGE