IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| **TERRY WILLIAMS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-02216-SHM-cgc |
| | ) | |
| **THE BANK OF FAYETTE COUNTY,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ORDER DENYING LEAVE TO FILE AMENDED COMPLAINT; DENYING MOTION FOR REHEARING; DENYING MOTION TO AMEND COMPLAINT; DENYING MOTION TO INITIATE DISCOVERY; AND DENYING AS MOOT MOTION TO STRIKE REPLY**

This is a *pro se* action by Plaintiff Terry Williams against Defendant Bank of Fayette County, alleging a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g), and related state law claims. (ECF No. 1). On October 18, 2024, the Court ordered the dismissal of Plaintiff's action with prejudice (ECF No. 19) and entered a judgment closing the case. (ECF No. 20).

Before the Court are several post-judgment motions: Plaintiff's Motion for Leave to File Amended Complaint, filed on November 12, 2024 (ECF No 21); Plaintiff's Motion for Rehearing, filed on the same day (ECF No. 22); Plaintiff's Second Motion to Amend *Pro Se* Complaint, filed on December 3, 2024 (ECF No. 24); Defendant's Motion to Strike Plaintiff's Reply, filed on December

17, 2024 (ECF No. 27); and Plaintiff's Motions to Initiate Discovery (ECF No. 28), filed on the same day (collectively, the "Motions"). For the reasons below, the Motions are DENIED.

I.  BACKGROUND

On April 4, 2024, Plaintiff filed suit against Defendant, alleging violations of TILA and fraudulent concealment and seeking declaratory relief and to quiet title, based on a real property transaction that originated on November 21, 2008. (ECF No. 1). On May 10, 2024, Defendant moved to dismiss Plaintiff's complaint for failure to state a claim. (ECF No. 10). On October 18, 2024, the Court granted Defendant's motion, dismissing Plaintiff's complaint with prejudice (ECF No. 19) and entered judgment closing the case. (ECF No. 20).

In its October 18, 2024 order, the Court explained that Plaintiff's claims were dismissed because, even if Plaintiff's factual allegations were accepted as true, they failed to state a plausible claim for relief. (ECF No. 19). Plaintiff's claims were based on his argument that the securitization of the mortgage rendered the note and mortgage unenforceable. (ECF No. 1). The Court found this argument inconsistent with established Sixth Circuit case law. See Williams v. Bank of Fayette County, No. 2:24-cv-02216, 2024 WL 4529584, at *3 (W.D. Tenn. Oct. 18, 2024) (citing Dauenhauer v. Bank of New York Mellon, 562

2

Fed.Appx. 473, 480 (6th Cir. 2014); Thompson v. Bank of America, N.A., 773 F.3d 741, 749 (6th Cir. 2014)).

After judgment, Plaintiff filed multiple post-judgment motions. On November 12, 2024, Plaintiff filed a motion for leave to amend his complaint under Federal Rule of Civil Procedure 15(a). (ECF No. 21). Plaintiff attached an amended complaint that raises three new claims: breach of contract, fraud in the inducement, and declaratory relief challenging Defendant's standing to enforce the mortgage. (ECF No. 21). On the same day, Plaintiff filed a motion for rehearing, which the Court construes as a motion for reconsideration given that no hearing was held. (ECF No. 22).

On November 26, 2024, Defendant filed a response arguing that Plaintiff's post-judgment motions were procedurally defective. (ECF No. 23). On December 3, 2024, Plaintiff filed a second motion to amend the complaint (ECF No. 24) and a reply to Defendant's response. (ECF No. 25). On December 17, 2024, Defendant opposed Plaintiff's second motion to amend as frivolous (ECF No. 26) and filed a motion to strike Plaintiff's December 3, 2024 reply for failure to seek leave under the Court's Local Rule. (ECF No. 27). In response, Plaintiff filed a motion to initiate discovery. (ECF No. 28).

3

## II. LEGAL STANDARD

Under Rule 15(a), courts shall "freely grant leave to amend when justice so requires." Oleson v. United States, 27 Fed.Appx. 566, 569 (6th Cir. 2001) (citing Fed. R. Civ. P. 15(a)). However, "the right granted by Rule 15(a) […] to amend the complaint […] end[s] with the entry of the judgment dismissing the action." Feddersen Motors v. Ward, 180 F.2d 519, 523 (10th Cir. 1950). After a final judgment has been entered, "a party may not seek to amend their complaint without first moving to alter, set aside, or vacate judgment pursuant to either Rule 59 or Rule 60[.]" Morse v. McWhorter, 290 F.3d 795, 799 (6th Cir. 2002) (citing Lindauer v. Rogers, 91 F.3d 1355, 1356 (9th Cir. 1996)). "[U]nless post-judgment relief is granted, the district court lacks the power to grant a motion to amend the complaint under Rule 15(a)." In re Ferro Corp. Derivative Litigation, 511 F.3d 611, 624 (6th Cir. 2008) (citing Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 389 (1st Cir. 1994)).

A plaintiff who fails to "amend his complaint prior to the entry of judgment, but instead waits until after the judgment of dismissal […] must make the more difficult showing that the case should be reopened under Rule 59 or Rule 60." Washington v. Ohio, No. 5:21-cv-2003, 2024 WL 4664709, at *2 (N.D. Ohio Nov. 4,2024) (citing Pond v. Haas, 674 Fed.Appx. 466, 472 (6th Cir. 2016))

4

see also Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F.3d 612 (6th Cir. 2010)). In addition to the standard Rule 15(a) factors – such as "undue delay, bad faith, dilatory motive, undue prejudice, and futility" – courts consider "the competing interests of protecting the finality of judgments and the expeditious termination of litigation." Washington, 2024 WL 4664709, at *2 (citing Pond, 674 Fed.Appx. at 473) (internal quotation marks omitted). That "includes asking whether the claimant has made a 'compelling explanation' for failing to seek leave to amend prior to the entry of judgment." Id. (citations omitted).

Whether to grant or deny a post-judgment motion for leave to amend complaint "is committed to the district court's sound discretion." Ruschel v. Nestle Holdings, Inc., 89 Fed.Appx. 518, 521 (6th Cir. 2004); see also Russel v. GTE Government Systems Corp., 141 Fed.Appx. 429, 437 (6th Cir. 2005); Northwestern Nat. Ins. Co. v. Joslyn, Nos. 93-4266, 93-4295, 93-4332, 1995 WL 270995, at *5 (6th Cir. May 8, 1995) (noting that the standard of review for a district court's denial of motions under Rule 15(a) and Rule 59(e) is abuse of discretion).

**III. ANALYSIS**

Because Plaintiff filed his post-judgment motions within 28 days of the Court's dismissal, the Court applies the Rule 59(e)

5

standard.[1] Under Rule 59(e), a court may alter or vacate judgment for: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Hearing v. Perry, No. 2:18-cv-94, 2022 WL 22738217, at *2 (E.D. Tenn. Dec. 8, 2022) (citing GM, LLC v. FCA US, LLC, 44 F.4th 548, 563 (6th Cir. 2022)); see also Betts v. Costco Wholesale Corp., 558 F.3d 461, 474 (6th Cir. 2009) (citing Henderson v. Walled Lake Consol. Sch., 469 F.3d 479, 496 (6th Cir. 2006)). Rule 59(e) motions "are generally disfavored because they consume scarce judicial resources on matters already decided." Oden v. Warden, North Central Correctional Complex, No. 1:18-cv-420, 2020 WL 419749, at *1 (S.D. Ohio Jan. 27, 2020). Courts grant them sparingly in the interest of finality. See Am. Textile Mfrs. Institute, Inc. v. Limited, Inc., 179 F.R.D. 541, 547 (S.D. Ohio 1998).

---

[1] If a motion is filed within 28 days after the entry of a final judgment, it is treated as a motion to alter or amend judgment under Rule 59. See Banister v. Davis, 590 U.S. 504, 520 n. 9 (2020); accord Dayton Veterans Residences Limited Partnership v. Dayton Metropolitan Housing Authority, No. 3:16-cv-466, 2019 WL 5956543, at *1 (S.D. Ohio Nov. 13, 2019). If filed after 28 days, the motion is treated as a motion for relief from a judgment or order under Rule 60. See Goyer v. United States, No. 1:15-cv-01185, 2020 WL 5995505, at *2 (W.D. Tenn. Oct. 9, 2020).

6

**A.    Plaintiff Fails to Satisfy the Requirements for Reopening the Case Under Rule 59(e)**

Plaintiff has not met his burden under Rule 59(e). Nowhere in his post-judgment motions does Plaintiff demonstrate any clear error of law, newly discovered evidence, or an intervening change in controlling law. To the extent Plaintiff seeks to prevent manifest injustice, his only relevant assertion is that "denying leave to amend […] for a *pro se* litigant [ ] conflicts with established procedural principles favoring amendments[.]" (ECF No. 22). Plaintiff relies on Foman v. Davis, 371 U.S. 178 (1962), and Brown v. Matauszak, 415 Fed.Appx. 608 (6th Cir. 2011), for the proposition that courts should be lenient in allowing *pro se* litigants to amend their complaints. (ECF No. 22). However, those cases are inapplicable. Although courts often grant *pro se* litigants some latitude to amend their pleadings, neither Foman nor Brown supports the granting of *post-judgment* amendments. The right to amend under Rule 15(a) ends once a final judgment has been entered. See Ward, 180 F.2d at 523; see also Morse, 290 F.3d at 799.

No legal authority supports Plaintiff's argument that courts should liberally grant leave to amend *pro se* complaints after judgment. Plaintiff cites only one case, Doe v. Oberlin College, 963 F.3d 580 (6th Cir. 2020), for his proposition that "post-judgment amendments are permissible where they address

7

deficiencies or prevent procedural injustice." (ECF Nos. 24, 25). That sentence does not appear in Doe. In fact, Doe addresses a different issue altogether: whether the district court erred in dismissing a Title IX sex discrimination claim for lack of factual support. See Doe, 963 F.3d at 586-87. The Sixth Circuit reversed the district court's decision based on the factual sufficiency of the pleading, not the permissibility of post-judgment amendments. Plaintiff's reliance on Doe is misplaced.

### B. The Court's Interest in Protecting the Finality of the October 18, 2024 Judgment Outweighs Plaintiff's Interest in Reopening the Case

The Court's interest in finality weighs against granting the post-judgment motions. "A motion under Rule 59(e) is not an opportunity to re-argue a case." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998). It may not be used to "revisit arguments already made and rejected." Meekison v. Ohio Dep't of Rehabilitation & Correction, 181 F.R.D. 571, 572 (S.D. Ohio 1998). All of Plaintiff's claims, whether old or new, recycle the argument the Court considered and rejected in its October 18, 2024 order: that the securitization of the mortgage voids Defendant's rights to enforce it. (ECF Nos. 19, 21, 22). As the Court explained, securitization does not alter the parties' rights under the mortgage because it "creates a separate contract, distinct from

8

the original note." Williams, 2024 WL 4529584, at *3. Plaintiff could not state a plausible claim for relief because his rights under the mortgage were unaffected by securitization. See id. (citing Thompson, 773 F.3d at 749). Plaintiff offers no basis for the Court to revisit Plaintiff's securitization argument.

Plaintiff also fails to meet his burden to justify reopening the case under Rule 59(e). See Washington, 2024 WL 4664709, at *2; see also Pond, 674 Fed.Appx. at 473 (holding that courts must balance the petitioner's interest against "the competing interests of protecting the finality of judgments and the expeditious termination of litigation."). Plaintiff offers no reason, let alone a compelling reason, for failing to seek leave to amend before the Court entered judgment on October 18, 2024.

**IV. CONCLUSION**

For the reasons above, Plaintiff's post-judgment motions fail. Plaintiff has not met the requirements to reopen the case under Rule 59(e). He has not provided a compelling reason for failing to seek leave to amend his complaint before the Court entered its judgment.

The Court DENIES Plaintiff's Motion for Leave to Amend Complaint (ECF No. 21), Motion for Rehearing (ECF No. 22), Second

9

Motion to Amend Complaint (ECF No. 24), and Motion to Initiate Discovery (ECF No. 28).

The Court also DENIES AS MOOT Defendant's Motion to Strike Plaintiff's Reply. (ECF No. 27).

SO ORDERED this _6th_ day of January, 2025.

                                    /s/ *Samuel H. Mays, Jr.*
                                    SAMUEL H. MAYS, JR.
                                    UNITED STATES DISTRICT JUDGE